CLERK'S COPY

FILED
AT ALBUQUERQUE NM
MAR 1 7 2000
ROBERT M. MARCH
CLERK

FOR THE DISTRICT OF NEW MEXICO

SHAWN LOUIS JACOBS,

    Plaintiff,

v.    No. CIV-00-0139 JP/LFG

NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROBERT J. PERRY, SECRETARY,
MANUEL D. ROMERO, DEPUTY SECRETARY,
TIM LEMASTER, WARDEN,
DAVID ARCHULETA, ASSOCIATE WARDEN,
SHANNON MCREYNOLDS, PROGRAMS DIRECTOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that Defendants have prevented him from practicing his religion, and he seeks damages. No allegations are made against any of the Defendants, except Defendant McReynolds, affirmatively linking them to the alleged violation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th



Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Furthermore, Plaintiff's claim against the Department of Corrections is the same as a claim for damages against the State itself, *see Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and is barred by the State's sovereign immunity. *Alden v. Maine*, 527 U.S. 706, ---, 119 S.Ct. 2240, 2246-47 (1999); *see Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's claims against Defendants except McReynolds will be dismissed as frivolous.

Judgment will be entered on Plaintiff's claims in favor of Defendants Department of Corrections, Perry, Romero, LeMaster, and Archuleta. Because these parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Department of Corrections, Perry, Romero, LeMaster, and Archuleta be DISMISSED; and a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with notice and waiver forms, for Defendant McReynolds.

UNITED STATES DISTRICT JUDGE